STATE OF MAINE                          SUPRTIOR COURT
HANCOCK, ss                             DOCKET NO. CV-10-361;
                                        VI-10-024
                                        K\\rc       .  .

STATE OF MAINE

                                        RECEIVED & FILED

V.                                          MAR 10 2011

                                        HANCOCK COUNTY
JEANMARIE AHERN                              COURTS


                    DECISION AND ORDER


     This matter was before the Court on a jury waived
trial and evidence was presented on February 18 and March
8, 2011.

     There are two. aspects to this case; one is reflected
in the Uniform Summons alleging a violation of 7 M.R.S.
§4011(E) on January 11, 2010, which claims cruelty to
animals depriving them of proper shelter (CV-10-024)[1].

     The other aspect also before the Court, is an
Affidavit and Request for an Ex Parte Order dated October
12th, 2010, with regard to seizure of animals (CV-10-361).
This was filed by Christina Perry, District Humane Agent
with the Animal Welfare Program of the Department of
Agriculture of the State of Maine.  It alleges a lack of
care of horses and two cats on the property of JeanMarie
Ahern pursuant to 17 M.R.S. §1021(5-A).  Ms. Perry seized
six horses and two cats from the property of the defendant
on October 6, 2010.  An Order was issued by the Court
granting the application of Ms. Perry to retain possession
of the seized animals on October 12, 2010, directing the
defendant to appear in Court "to show cause why the above
describe animals described in this application have
received adequate treatment and should be returned to the
possession of JeanMarie C. Ahern.  The statute, 17 M.R.S.

---

[1]   There was also Docket No. VI-10-003, which alleges the
same violation and date of violation as VI-10-024, and
which this Court treats as redundant of VI-10-024.


1

§1021(5-A), specifically provides that "it is the owner's responsibility at the hearing to show cause why the animal(s) should not be seized permanently or disposed of humanely".

## Cruelty to Animals

Cruelty to Animals is addressed at 7 M.R.S. 4011 (1)(E) in terms of depriving "an animal that the person owns or possesses of necessary sustenance, medical attention, protection from the weather or humanely clean conditions." Cruelty to Animals is also addressed in 17 M.R.S. §1021 (5-A), which incorporates by reference 17 M.R.S. §1031 (1)(E) that also speaks of cruelty to animals in terms of depriving "an animal that the person owns or possesses of necessary sustenance, necessary medical attention, proper shelter, protection from the weather or humanely clean conditions." Our Supreme Court has defined "cruelly treated" in the context of animal cases as treatment that causes suffering or pain. *State v. Malpher*, 2008 ME 32, ¶19, 947 A.2d 484, 488.

## Proper Shelter

The citation alleges that on January 11, 2010, the defendant deprived the animals of proper shelter. The Court is satisfied that the evidence demonstrated that on January 11, 2010, the defendant failed to provide proper shelter to each of the six horses under her control. The evidence is clear that between October of 2009 and January 11, 2010, this defendant did not provide shelter to her six horses and/or that the vinyl covering over a metal frame was in such collapsed or torn state that it did not constitute proper shelter. Accordingly it is the judgment of this Court that the defendant, JeanMarie Ahern is at fault and civilly liable for having violated 7 M.R.S. 4011(1)(E). The evidence indicates that this is the first violation and therefore, pursuant to 7 M.R.S. 4016(1)(A), the Court imposes a fine of $1,000 for this violation and pursuant to 7 M.R.S. 4016 (1)(C) JeanMarie Ahern, having violated the laws against cruelty to animals is prohibited from owning, possessing or having in her premises horses, ponies, or any related four leg hoofed animals for a period of two years from the date of this Order. This prohibition shall continue beyond two years unless and until the above fine is paid.

2

Cruelty to Animals — Seizure

The seizure of six horses and two cats was accomplished pursuant to 17 M.R.S. 1021. The Law Court has identified that statute as protecting animals in dire circumstances. *State v. Malpher*, supra, at ¶10, at 486. The statute referenced by the Court identifies the dire circumstances in terms of animals that are "cruelly abandoned or cruelly treated" or the animal is "maimed, disabled, diseased, dehydrated, malnourished or injured", Id at ¶10, at 487.

On the one hand, the evidence suggests a defendant/owner who loves horses and being around horses since she was 8 years old and has progressed to be a certified Master Instructor of Horsemanship.[2] On the other side of the coin, the record reflects a defendant who testified that in 2009 and 2010 she lived by herself and had as many as 4 jobs to support herself and her animals (6 horses and 2 cats). Notwithstanding encouragement from District Animal Humane Agent Perry, the defendant was unable physically of financially to construct or have constructed minimal shelter for her horses over a period from October of 2009 and into January of 2010.[3] That shelter when it stood, provided adequate shelter according to Ms. Perry, but the evidence demonstrated that it would not and did not stand. It was the perpetuation of a problem not a solution for shelter.

The testimony of Ms. Ahern's neighbors (Sheila Gilley, Tyler Gilley) and Ms. Perry, Dr. Fraser (Veterinarian), Erica Toothaker, Dr. Rukszenis (Veterinarian) did not suggest that these horses and cats were in "dire circumstances" in the context of immediate life-threatening environments. The evidence did however reflect a pattern of cruel treatment and cruel abandonment of the horses and cats, without water, inadequate access to food or appropriate medical treatment. That pattern manifested

---

[2] While the only source of this information was the defendant's testimony, the Court accepts this 'certification' as being reflective of this defendant's strong affinity for horses and being around horses.
[3] The evidence presented in March of 2010, indicated that defendant's efforts after her animals were seized, to construct a plastic/vinyl covered shelter over a tube frame was unable to withstand the winter weather and had collapsed.

3

itself in part, in the video taken of the conditions observed at the Ahern farm on October 6, 2010, which included an absence of water on that date and other dates observed by witnesses (notwithstanding the testimony of Marie Overlock and her daughter). Horses were observed in confined paddocks without water, food inaccessible to the horses, and no shelter. Subsequent examinations revealed multiple medical problems among most horses and the cats and a general lack of appropriate foot treatment. The cats were observed to be underweight and suffering from round worms and fleas.

The evidence reflected that defendant Ahern was away on a horse related trip out of State in late September into early October, the evidence also reflects a pattern of abandonment prior to that time when no one was around and the horses ran free onto her neighbors property. The evidence likewise reflects, and the Court is persuaded that during the period of the Ahern horse trip to Kentucky the horses were abandoned for significant periods of time, notwithstanding the testimony of Marie Overlock and her daughter.

While the defendant may have the heart to care for horses and a sense of what should be done, she lacks either the financial ability or time to invest in caring for the horses or cats for which she has assumed responsibility.

Order

Pursuant to 17 M.R.S. 1021 (3) the Court directs that the applicant, Maine Animal Welfare Program of the Maine Department of Agriculture, take possession of and provide for the seized animals (six horses and two cats) and Orders that the applicant arrange for the sale, adoption or placement of the animals seized, at the discretion of the applicant.

Pursuant to 17 M.R.S. 1021 (6) the Maine Animal Welfare Program of the Maine Department of Agriculture is given a lien against the property of JeanMarie Ahern as provided in this section, including but not limited to the expenses reasonable incident to seizing, transporting, feeding, sheltering, veterinary care and related expense. The applicant is to prepare for the Court's review and endorsement a Notice of Lien listing the above expenses.

4

Dated:    March 10, 2011

Kevin M.  Cuddy
Justice, Superior Court

TRUE COPY
Terry L. Harding
Clerk of Court

5

STATE OF MAINE, ANIMAL WELFARE PROGRAM - PLAINTIFF

Attorney for: STATE OF MAINE, ANIMAL WELFARE PROGRAM
WILLIAM ENTWISLE  - RETAINED 10/12/2010
OFFICE OF THE DISTRICT ATTORNEY
70 STATE STREET
ELLSWORTH ME 04605


Attorney for: STATE OF MAINE, ANIMAL WELFARE PROGRAM
MICHAEL POVICH  - RETAINED 10/12/2010
OFFICE OF THE DISTRICT ATTORNEY
70 STATE STREET
ELLSWORTH ME 04605


Attorney for: STATE OF MAINE, ANIMAL WELFARE PROGRAM
CARLETTA M BASSANO  - RETAINED 01/31/2011
OFFICE OF THE DISTRICT ATTORNEY
70 STATE STREET
ELLSWORTH ME 04605



VS
JEANMARIE C AHERN  - DEFENDANT
856 BALD MOUNTAIN ROAD
DEDHAM ME 04429
Attorney for: JEANMARIE C AHERN
STEPHEN C SMITH  - RETAINED 10/27/2010
SMITH LAW OFFICE
9 CENTRAL STREET , STE 209
BANGOR ME 04401


DISTRICT COURT
ELLSWORTH
Docket No   ELLDC-CV-2010-00361


**DOCKET RECORD**


Filing Document: APPLICATION                    Minor Case Type: OTHER CIVIL
Filing Date: 10/12/2010

**Docket Events:**